UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re: BETSEY WARREN LEBBOS,

        Debtor,
_____/
BETSEY WARREN LEBBOS,
JASON P. GOLD, and
THOMAS CARTER,

        Appellants,

   v.

LINDA SCHUETTE,

        Appellee.
_____/

NO. CIV. S-08-1896 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on pro se appellant Betsey Warren Lebbos' ("Lebbos") appeal[1] of the bankruptcy court's award

---

[1] While Jason P. Gold ("Gold") and Thomas Carter ("Carter") are named appellants in this action, neither of them filed an opening brief on this matter. Despite their failure to comply with the original briefing schedule, the court provided them an additional opportunity to file opening briefs. (Minute Order, filed Feb. 23, 2009.) Neither Gold nor Carter responded. As such, the court construes their failure to respond as an abandonment of the instant appeal. The bankruptcy court's orders

1

of attorneys' fees and costs in favor of appellee Linda Schuette ("appellee"). (Docket #10.) Said attorneys' fees and costs were awarded in conjunction with the bankruptcy court's entry of default judgment against Lebbos as a terminating sanction for discovery abuses. Pursuant to 28 U.S.C. § 158(a), Lebbos elected appeal to this court.

The court has reviewed the parties' briefs and the underlying record, as contained within the excerpts of record submitted by Lebbos, and by this order, issues its decision AFFIRMING the bankruptcy court's award of attorneys' fees and costs to appellee. This court cannot find that the bankruptcy court abused its discretion in making these awards.[2]

**BACKGROUND**

On January 3, 2007, appellee filed an adversary complaint against Lebbos, among others. The complaint sought avoidance of two alleged fraudulent transfers of a condominium located in Long Beach, California, recovery of that condominium, turnover of estate property and related declaratory relief. The first of the subject transfers was from Lebbos, as an individual, to Lebbos as Trustee of the Aida Madeline Lebbos No. 2 Trust. The second transfer was from Lebbos as Trustree of the Aida Madeline Lebbos Trust II to Gold and Carter as Trustees of the Aida Madeline Lebbos Trust II.

---

as directed at Gold and Carter are AFFIRMED.

[2] Because the court finds that oral argument will not be of material assistance, it orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h). The court also notes that Lebbos expressly waived oral argument. (Docket #17.)

2

After being served with the adversary complaint, Lebbos engaged in a litany of actions and activities designed to avoid substantive participation in the litigation, including numerous motions to dismiss, motions to transfer venue, motions to disqualify appellee as the Chapter 7 trustee in Lebbos' parent bankruptcy case, motions to disqualify the bankruptcy judge, and the refusal to participate in discovery. Many of these actions and activities were also engaged in by Lebbos in her parent bankruptcy case both before and after the filing of appellee's adversary complaint.

On November 28, 2007, appellee filed a motion in the adversary matter against Lebbos seeking sanctions pursuant to Federal Rule of Civil Procedure 37.[3] Appellee argued that sanctions were warranted based on Lebbos' failure to appear at her properly noticed deposition, her repeated failure to produce documents and based on the court's prior warning that terminating sanctions may be entered if Lebbos continued her conduct. Appellee requested either monetary or terminating sanctions.

The sanctions motion was heard on January 16, 2008, and by a memorandum decision of February 13, 2008, the bankruptcy court granted appellee's motion, striking Lebbos' answer and entering default against Lebbos as a terminating sanction pursuant to Rule 37. (Excerpts of Record ["ER"], filed Oct. 17, 2008, at N-63-64.) Pursuant to that decision, the court issued a separate order on February 13, 2008, awarding appellee $5,388.80 in attorneys' fees ($4,400.00) and costs ($988.80), pursuant to Rule

---

[3] Unless otherwise stated, all further references to a "Rule" are to the Federal Rules of Civil Procedure.

3

37(d) (as incorporated by Federal Rule of Bankruptcy Procedure 7037). The court directed that of the total sum of $5,388.80, the sum of $2,609.40 was the joint and several responsibility of Lebbos, Gold and Carter. As to the balance of $2,779.40, the court directed that amount payable solely by Lebbos. (Id.)

Appellee subsequently filed an application for entry of default judgment, and the bankruptcy court entered judgment against Lebbos by order of April 17, 2008. The court's judgment permitted appellee to file a motion, within 30 days, seeking an award of costs, to the extent such costs were not previously awarded.

The bankruptcy court heard appellee's costs motion on June 18, 2008, and later that same day, issued its memorandum decision awarding appellee $1,133.40 in costs, pursuant to Federal Rule of Bankruptcy Procedure 7054(b). (ER at D-22-25.) Said amount was awarded as the joint and several responsibility of Lebbos, Gold and Carter. (ER at C-21.)

**STANDARD OF REVIEW**

An award of attorneys' fees and costs entered pursuant to Rule 37(d) and/or Federal Rule of Bankruptcy Procedure 7054 is reviewed for abuse of discretion, as under both Rules the court is given discretion as to whether to award fees and costs to a prevailing party in a contested matter. Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981); In re Aviva Gelato, Inc., 94 B.R. 622, 624 (9th Cir. 1988).

**ANALYSIS**

First, as to the bankruptcy court's award of $5,388.80 in attorneys' fees and costs to appellee, this court previously

4

affirmed the bankruptcy court's decision to strike Lebbos' answer and enter her default as a terminating sanction for Lebbos' discovery abuses. This court found that under "the rare and extreme circumstances of this case, the bankruptcy court acted well within its discretion" in entering default against Lebbos, and ultimately default judgment, as a sanction pursuant to Rule 37(d).[4] (Mem. & Order, filed Jan. 26, 2009, Case No. Civ. S-08-912 FCD.) Rule 37(d)(3) provides:

> Instead of or in addition to [the] sanctions [listed in Rule 37(b)(2)(A)(i)-(iv) which includes striking the pleadings, dismissing the case or entering a party's default], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The bankruptcy court ultimately entered Lebbos' default and entered judgment against her based on her "*continued* refusal to respond to requests to produce documents--refusals which continued even after warnings from the court as to the possibility of terminating sanctions." (Case No. Civ. S-08-912 FCD Mem. & Order at 6.) In general, the record in this case showed protracted and wholly unjustified delays by Lebbos in responding to legitimate discovery requests and her blatant disregard for court orders. (Id. at 7.) Under such circumstances, the bankruptcy court properly awarded appellee attorneys' fees and costs "in addition to" entering default judgment against her, as Lebbos' actions in the case were clearly not "substantially justified." Fed. R. Civ. P. 37(d)(3).

---

[4] Federal Rule of Bankruptcy Procedure 7037 makes Rule 37(d) applicable to bankruptcy actions. In re Rubin, 769 F.2d 611, 616 n.6 (9th Cir. 1985).

5

As to the bankruptcy court's subsequent award to appellee of an additional $1,133.40 in costs, the bankruptcy court relied on Federal Rule of Bankruptcy Procedure 7054(b) in awarding these costs. Said Rule provides that "the court may allow costs to the prevailing party [in an adversary proceeding] except when a statute of the United States or these rules otherwise provides." The bankruptcy court properly found that no such statute or rule precluded an award to appellee of those costs she incurred in seeking default judgment against Lebbos. Indeed, Lebbos does not cite now nor did she cite to the bankruptcy court any statute or rule which would preclude an award of costs to appellee under Rule 7054(b). Thus, the bankruptcy court properly based its award of costs on this Rule.

Moreover, contrary to Lebbos' contentions,[5] the amount of costs awarded was reasonable. Appellee requested costs consisting of (1) $250.00 for the filing fee for the adversary complaint; (2) $585.00 for non-appearance fees charged by a deposition reporting firm as a result of Lebbos' failure to appear at her properly noticed deposition; and (3) $298.40 for certified copies of documents used as exhibits in support of the motion for default judgment. The bankruptcy court correctly found that all of these costs were necessarily incurred in the prosecution of this case, and the amounts claimed were

---

[5] The utter baselessness of some of Lebbos' contentions in this appeal is most glaringly seen in her wild and wholly unsubstantiated accusation that included within appellee's application for costs was a hotel charge incurred by her attorney for a night he spent with a prostitute. The court has disregarded such accusations against appellee's counsel, and in the end, these types of unsubstantiated accusations make the entirety of Lebbos' arguments incredible.

reasonable. Appellee was entitled to reimbursement for the filing fee in the case, and the certified copies were required to properly authenticate documents necessary to demonstrate the propriety of entering default judgment. Also, the non-appearance fees were correctly charged against Lebbos as she did not request a protective order or otherwise seek the court's permission to postpone her deposition; she simply failed to appear. (ER D-24-25.) The award of these reasonable costs necessarily incurred by appellee in litigating this case against Lebbos was well within the bankruptcy court's discretion.

**CONCLUSION**

For the foregoing reasons, Lebbos' appeal of the bankruptcy court's award of attorneys' fees and costs to appellee is denied. The bankruptcy court's decision awarding appellee $5,388.80 in attorneys' fees and costs as the prevailing party on the motion for entry of default and $1,133.40 in costs incurred in making the motion for entry of default judgment is AFFIRMED. The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: March 23, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE